UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:26-cv-00444-CAS-SKx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Tiana Marquardt et al v. Blue Jay Transit, Inc. et al | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| James Bartolomei, III | Scott LaSalle |
| Michael Manapol | Kinsey Van |

**Proceedings:**    PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1447(c) (Dkt. 16, filed on February 17, 2026)

DEFENDANT BLUE JAY TRANSIT, INC.'S MOTION TO DISMISS FOR LACK OF JURISDICTION, IMPROPER VENUE, OR IN THE ALTERNATIVE *FORUM NON CONVENIENS* (Dkt. 17, filed on February 17, 2026)

## I.    INTRODUCTION

On October 8, 2025, plaintiff Tiana Marquardt ("plaintiff") filed this action in Los Angeles County Superior Court against defendants Bird Rides, Inc. ("Bird Rides"), Blue Jay Transit, Inc. ("Blue Jay"), Third Lane Mobility, Inc. ("Third Lane"), and Does 1 through 100, inclusive, (collectively, "defendants"). Dkt. 1-2 ("Compl."). Plaintiff asserts six claims for relief: (1) strict liability based on manufacturing defect; (2) strict liability based on design defect; (3) strict liability based on failure to warn; (4) products liability negligence; (5) negligence; and (6) breach of implied warranty. Compl. at ¶¶ 33-117.

On January 15, 2026, Blue Jay removed this action to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1442, on the basis of diversity jurisdiction. Dkt. 1. On January 22, 2026, Blue Jay filed an answer to the complaint. Dkt. 9 ("Answer").

On February 17, 2026, plaintiff filed a motion to remand. Dkt. 16 ("Remand Mot."). On March 2, 2026, Blue Jay filed an opposition to the motion to remand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:26-cv-00444-CAS-SKx | Date | March 23, 2026 |
|----------|------------------------|------|----------------|
| Title | Tiana Marquardt et al v. Blue Jay Transit, Inc. et al | | |

Dkt. 20 ("Remand Opp."). On March 9, 2026, plaintiff filed a reply in support of the motion to remand. Dkt. 24 ("Remand Reply").

On February 17, 2026, Blue Jay filed a motion to dismiss for lack of jurisdiction, improper venue, or in the alternative, for *forum non conveniens*. Dkt. 17 ("Mot."). On March 3, 2026, plaintiff filed a corrected opposition. Dkt. 23 ("Opp."). On March 9, 2026, Blue Jay filed a reply. Dkt. 25 ("Reply").

On March 23, 2026, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

### A.    Parties

Plaintiff alleges that she is an individual residing in Sonoma County in the state of California. Compl. ¶ 4.

Plaintiff alleges that Bird Rides is a corporation organized under the laws of Delaware with its principal place of business in West Hollywood, California. Id. ¶ 5. Plaintiff alleges that Bird Rides is engaged in the business of designing, manufacturing, and distributing electric scooters and related parts and components thereof, as part of its micromobility transit services in metropolitan areas across the United States, Canada, Europe, and the Middle East. Id. Plaintiff alleges, upon information and belief, that Bird Rides is a wholly owned subsidiary of Blue Jay and/or Third Lane. Id.

Plaintiff alleges that Blue Jay is a corporation organized and existing under the laws of Delaware with its principal place of business in West Hollywood, California. Id. ¶ 6. Plaintiff alleges that Blue Jay is authorized to do, has regularly done, and is doing business on a regular basis in California, and is engaged in the business of providing micromobility transit services to the public in cities across the United States, Canada, Europe, and the Middle East. Id. Plaintiff alleges, upon information and belief, that Blue Jay is a wholly owned subsidiary of Third Lane, who owns and controls the entities that deliver, operate, and maintain Bird electronic scooters for use by the public in various cities across the United States, Canada, Europe, and the Middle East. Id.

Plaintiff alleges, upon information and belief, that Third Lane is a corporation organized and existing under the laws of the province of Ontario, Canada, with its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                 **'O'**

| Case No. | 2:26-cv-00444-CAS-SKx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Tiana Marquardt et al v. Blue Jay Transit, Inc. et al | | |

principal place of business in Toronto, Ontario. Id. ¶ 7. Plaintiff alleges that Third Lane is the parent company of Bird Rides and Blue Jay, and that Third Lane is one of the largest micromobility operators in the world.

Throughout the complaint, plaintiff refers to Bird Rides, Blue Jay, and Third Lane collectively as "Bird." Id. The Court refers to Bird Rides, Blue Jay, and Third Lane as the "named defendants."

Plaintiff alleges that the named defendants and Does 1 through 100 created, designed, manufactured, owned, operated, directed, controlled, distributed, supplied, advertised, promoted, leased, rented, allowed and permitted for bailment, use and operation by the public, electric scooters for public transportation in cities across the United States. Id. ¶ 9. Plaintiff alleges that at all relevant times, the named defendants and Does 1 through 100 maintained dominion, control, management, ownership, supervision and coordinated all activity related to safety, control and operation of Bird electric scooters across the United States where the named defendants are licensed to operate. Id.

Plaintiff alleges, upon information and belief, that at all relevant times, all defendants, including the doe defendants, were corporations, business entities, associations, partnerships, joint ventures, successors-in-interest, and/or individuals residing and conducting business in Los Angeles County. Id. ¶ 10.

Plaintiff alleges, upon information and belief, that at all relevant times, the named defendants and Does 1 through 50 designed, manufactured, engineered, and/or distributed electric scooters for use by the public in cities throughout the United States, including Memphis, Tennessee. Id. ¶ 11. Plaintiff alleges, upon information and belief, that at all relevant times, the named defendants and Does 51 through 100 delivered, managed, and maintained electric scooters for use by the public in Memphis, Tennessee and other U.S. cities, through the Bird Platform. Id. ¶ 12.

### B.  Named Defendants' Business

Plaintiff alleges that the named defendants provide electric scooters for public transportation through a smartphone application ("Bird Platform") created, engineered, and maintained by them. Id. ¶ 8. Plaintiff alleges that "Bird" is organized and principally functions as a transportation company, actively conducts business as a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:26-cv-00444-CAS-SKx | Date | March 23, 2026 |
|----------|----------------------|------|----------------|
| Title | Tiana Marquardt et al v. Blue Jay Transit, Inc. et al | | |

common carrier, which transports people around several cities in the United States, including Los Angeles, California, and Memphis, Tennessee on electric scooters. Id. Plaintiff alleges that none of the scooters transport people across state lines or engage in interstate commerce. Id.

Plaintiff alleges that consumers have the option to rent bikes or electric scooters through the Bird Platform to ride to their destination in any of the several municipalities where the named defendants are licensed to operate within the United States, Canada, Europe, and the Middle East. Id. ¶ 9.

### C.      October 9, 2024 Incident in Memphis, Tennessee

Plaintiff alleges that on or about October 9, 2024, plaintiff rented an electric Bird scooter ("Subject Scooter") through the Bird Platform in Memphis, Tennessee, while visiting the city with her fiancé. Id. ¶ 18. Plaintiff alleges that while riding at a reasonable speed, obeying all applicable traffic rules for electronic scooters, and operating the vehicle in accordance with its instructions, the Subject Scooter's braking system, without warning, catastrophically failed, causing plaintiff to fall from the Subject Scooter and sustain severe bodily injuries. Id.

Plaintiff alleges that the Subject Scooter and Bird Platform were owned, operated, designed, engineered, manufactured, marketed, promoted, warranted, sold, imported, distributed, inspected, maintained, and/or controlled by the named defendants and Does 1 through 100. Id. ¶ 19. Plaintiff alleges, upon information and belief, that before and at the time of the subject incident, Bird Rides, Blue Jay, and Does 51 through 100 were authorized by the City of Memphis to distribute, operate, maintain, and rent electric scooters to the public to use in the city. Id. ¶ 20.

Plaintiff alleges, upon information and belief, that the Subject Scooter's braking system was defectively designed, manufactured, and/or lacked adequate warnings of the defective brakes so as to render the Subject Scooter unreasonably dangerous when used as intended and/or in a reasonably foreseeable manner. Id. ¶ 21. Plaintiff alleges, upon information and belief, that she was injured as a result of the defective braking system on the Subject Scooter. Id. ¶ 22. Plaintiff alleges that defendants received numerous customer complaints and internal service reports documenting brake failures on Bird-branded scooters, including several complaints received by defendants' predecessor, Bird Global, Inc., when it was defending hundreds of personal injury claims arising from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:26-cv-00444-CAS-SKx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Tiana Marquardt et al v. Blue Jay Transit, Inc. et al | | |

defective and/or malfunctioning brakes on Bird-branded scooters before it entered bankruptcy. Id. Plaintiff alleges that defendants failed to repair affected scooters, recall them, or remove them from service when defendants continued to operate the same Bird-branded scooter fleet, Bird Platform, and maintenance infrastructure that it purchased out of Bird Global, Inc.'s bankruptcy several months before the subject incident. Id.

Plaintiff alleges that she used the Subject Scooter as intended and/or in a reasonably foreseeable way. Id. ¶ 23. Plaintiff alleges that, at all relevant times, the Subject Scooter was under the supervision, care, and/or control of defendants. Id. ¶ 24.

Plaintiff alleges that the Subject Scooter failed to function safely, causing the subject incident and plaintiff's injuries, due to defendants' acts, omissions, and/or negligence. Id. ¶¶ 25, 26.

### D.    Plaintiff's Attempt to Negotiate the Claim

Plaintiff alleges that, through her counsel, she provided written notice of a claim to Blue Jay and received an acknowledgment through an automated response. Id. ¶ 31. Plaintiff alleges that she attempted to engage in a good faith pre-suit negotiation process, but "Bird" failed to engage in any negotiation of the claim or make the Subject Scooter available for inspection. Id. Plaintiff alleges that "Bird's" failure to reasonably engage in its own pre-arbitration negotiation process is a violation of "Bird's" so-called Rental Agreement and is a breach of a covenant promised to users, rendering the arbitration clause void. Id. ¶ 32. Plaintiff alleges that "Bird" failed to attempt to engage in this condition precedent to the rental agreement dispute resolution, and plaintiff alleges that she has been unfairly prejudiced because "Bird" did not comply with its own agreement, requiring plaintiff to file a lawsuit or lose her rights to a cause of action. Id.

## III.    LEGAL STANDARD

### A.    Motion to Remand

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:26-cv-00444-CAS-SKx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Tiana Marquardt et al v. Blue Jay Transit, Inc. et al | | |

Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Virginia A. Phillips, J. & Karen L. Stevenson, J., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial § 2:3741 (The Rutter Group 2020).

Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), federal courts have original jurisdiction over state law actions where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.

"Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." Id. (citing Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 152 (1914).

"Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "[I]n most cases the focus will be on whether the plaintiff can 'state a reasonable or colorable claim for relief under the applicable substantive law against the party whose presence in the action would destroy the district court's subject matter jurisdiction.'" Weeping Hollow Ave. Tr. v. Spencer, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting 13F C. Wright & A. Miller et al., Fed. Prac. & Proc. Juris. § 3641.1 (3d ed.)). However, "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." Grancare, 889 F.3d at 549. "[A] federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" Id. (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009) (emphasis in original)).

Defendants invoking the doctrine of fraudulent joinder "face both the strong presumption against removal jurisdiction and the 'general presumption against fraudulent joinder.'" Hunter, 582 F.3d at 1046 (quoting Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-00444-CAS-SKx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Tiana Marquardt et al v. Blue Jay Transit, Inc. et al | | |

"The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." McCabe, 811 F.2d at 1339 (citing Smith v. Southern Pacific Co., 187 F.2d 397 (9th Cir.1951)). In determining whether a party has been fraudulently joined, "courts may properly consider the allegations of the complaint and facts presented by defendant in its notice of removal," and "may also consider *affidavits or other evidence* (presented by either party) on the issue of whether a particular defendant's joinder is 'sham' or 'fraudulent.'" Judge Karen L. Stevenson & James E. Fitzgerald, Federal Civil Procedure Before Trial, § 2:2452 (The Rutter Group 2019) (emphasis in original) (citing Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998); Grancare, 889 F.3 at 549; W. Am. Corp. v. Vaughan-Bassett Furniture Co., 765 F.2d 932, 936 n.6 (9th Cir. 1985)).

**B.     Rule 12(b)(2)**

When a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court may properly exercise personal jurisdiction over the defendant. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). Where, as here, a court decides such a motion without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181. If the defendant submits evidence controverting the allegations, however, the plaintiff may not rely on its pleadings, but must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." Scott v. Breeland, 792 F.2d 925, 927 (9th Cir.1986) (quoting Amba Mktg. Servs., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir.1977)).

Generally, personal jurisdiction exists if (1) it is permitted by the forum state's long-arm statute and (2) the "exercise of that jurisdiction does not violate federal due process." Pebble Beach, 453 F.3d at 1154-55 (citing Fireman's Fund Ins. Co. v. Nat'l Bank of Coops., 103 F.3d 888, 893 (9th Cir. 1996). California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:26-cv-00444-CAS-SKx | Date | March 23, 2026 |
|----------|------------------------|------|----------------|
| Title    | Tiana Marquardt et al v. Blue Jay Transit, Inc. et al | | |

analysis under state and federal law are the same. Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). The Fourteenth Amendment's Due Process Clause requires that a defendant have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific.

A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts be substantial enough to approximate physical presence. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Id. (finding no general jurisdiction when the corporation was not registered or licensed to do business in California, paid no taxes, maintained no bank accounts, and targeted no advertising toward California).

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three parts:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                        **'O'**

| Case No. | 2:26-cv-00444-CAS-SKx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Tiana Marquardt et al v. Blue Jay Transit, Inc. et al | | |

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004) (citing Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985).  The plaintiff bears the burden of satisfying the first two prongs, and must do so to establish specific jurisdiction.  Schwarzenegger, 374 F.3d at 802.

If the plaintiff establishes the first two prongs, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied.  Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477).  The third prong requires the Court to balance seven factors: (1) "the extent of the defendant's purposeful injection into the forum"; (2) the burdens on defendant from litigating in the forum state; (3) "the extent of conflict with the sovereignty of the defendant's state," (4) "the forum state's interest in adjudicating the dispute"; (5) "the most efficient judicial resolution of the controversy"; (6) "the importance of the forum to the plaintiff's interest in convenient and effective relief"; and (7) "the existence of an alternative forum."  Ziegler v. Indian River County, 64 F.3d 470, 475 (9th Cir. 1995).

### C.    Rule 12(b)(3)

Pursuant to Rule 12(b)(3), a defendant may move to dismiss a complaint for improper venue.  If an action is filed in the "wrong division or district" a court may dismiss the action or, "if it be in the interest of justice" transfer the action to an appropriate district or division.  28 U.S.C. § 1406(a).  In federal courts, the determination of where venue is appropriate "is governed entirely by statute."  Zumba Fitness, LLC v. Brage, No. CV 11-5361-GHK (CWx), 2011 WL 4732812 (C.D. Cal. Oct. 6, 2011) (citing Leroy v. Great W. United Corp., 443 U.S. 173, 181 (1979)).  When deciding a motion to dismiss for improper venue, unlike a Rule 12(b)(6) motion, the court need not accept the pleadings as true and may consider facts outside the pleadings.  See R.A. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996).  Once a defendant raises an objection to venue, the plaintiff bears the burden of establishing that the selected venue is proper.  Rio Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002).  To defeat a motion to dismiss for improper venue, the plaintiff need only make a prima facie showing of proper venue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:26-cv-00444-CAS-SKx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Tiana Marquardt et al v. Blue Jay Transit, Inc. et al | | |

**D.     28 U.S.C. 1404(a) (*Forum Non Conveniens*)**

A district court where venue is proper "may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" if such a transfer is "[f]or the convenience of parties and witnesses," and "in the interest of justice." 28 U.S.C. § 1404(a). Section 1404(a) was "designed as an attempt to statutorily embody and modify the doctrine of *forum non conveniens*." A.J. Industries, Inc. v. United States District Court, 503 F.2d 384, 386 (9th Cir. 1974). However, unlike the doctrine of *forum non conveniens*, Section 1404(a) results in transfer rather than dismissal where an alternative venue better serves considerations of convenience and justice. See Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955) ("The harshest result of the application of the old doctrine of forum non conveniens, dismissal of the action, was eliminated by the provision in [Section] 1404(a) for transfer."). Moreover, district courts have "more discretion to transfer under § 1404(a) than . . . to dismiss on grounds of *forum non conveniens*." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 253 (1981).

In deciding a motion to transfer, the Court must consider the following three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a); see Los Angeles Mem'l Coliseum Comm'n v. NFL, 89 F.R.D. 497, 499 (C.D. Cal. 1981).

In analyzing the "interests of justice," a number of factors are relevant, including the following: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). Other factors that can be considered are: the enforceability of the judgment; the relative court congestion in the two forums; and which forum would better serve judicial economy. 17 Moore's Federal Practice § 111.13[1][c] (3d ed. 1997).

However, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors set forth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                    **'O'**

| Case No. | 2:26-cv-00444-CAS-SKx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Tiana Marquardt et al v. Blue Jay Transit, Inc. et al | | |

above weigh heavily in favor of venue elsewhere." Catch Curve, Inc. v. Venali, Inc., 2006 U.S. Dist. LEXIS 96379, *3-4 (C.D. Cal. 2006).

The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278-279 (9th Cir. 1979); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). The decision to transfer lies within the sound discretion of the trial judge. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988); see also Savage, 611 F.2d at 279 ("Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge.").

## IV.   DISCUSSION

### A.   Motion to Remand

Blue Jay removed the action on the grounds that there is complete diversity if the Court disregards the citizenship of defendant Bird Rides. Dkt. 1 at 6. According to Blue Jay, Bird Rides is fraudulently joined because plaintiff's claims against Bird Rides are barred pursuant to an order of the United States Bankruptcy Court, dkt. 1, Ex. F (the "Confirmation Order").[1] Id. at 2-4.

Plaintiff argues that the Court should remand this case to Los Angeles County Superior Court because there is a lack of complete diversity between plaintiff, a California citizen, and all defendants. Remand Mot. at 3. Specifically, Plaintiff argues

---

[1] The Court judicially notices the Confirmation Order at dkt. 1, Ex. F. In re Bird Global, Inc., No. 23-20514-CLC, Dkt. 1214 (Bankr. S.D. Fla., Aug. 2, 2024). Pursuant to the Federal Rules of Evidence, the Court may take judicial notice of a fact "that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Federal courts can "take notice of proceedings in other courts, both within and [outside of] the federal judicial system, if those proceedings have a direct relation to the matters at issue." San Luis v. Badgley, 136 F. Supp. 2d 1136, 1146 (E.D. Cal. 2000) (quoting U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                                          'O'

| Case No. | 2:26-cv-00444-CAS-SKx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Tiana Marquardt et al v. Blue Jay Transit, Inc. et al | | |

that her claims against defendant Bird Rides, whose principal place of business is in West Hollywood, California, are viable under California law, and thus fraudulent joinder fails.[2] Id. at 2.  Plaintiff acknowledges that the Confirmation Order approved the Chapter 11 liquidation plan of the debtors in In re Bird Global, Inc..  Id. at 4 (citing Remand Mot. Ex. G (the "Chapter 11 Plan")).[3]  According to plaintiff, the Confirmation Order permanently enjoins all claims, including tort claims, against the debtors in In re Bird Global, Inc. that are based "upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way to the Debtors …"  Id. (citing Confirmation Order at 59).  Plaintiff argues that the Confirmation Order does not bar plaintiff's post-effective date claims against Bird Rides because it does not reach injuries caused by conduct occurring after its effective date.  Id. at 7.  Plaintiff argues that the Chapter 11 Plan does not state that reorganized or successor entities are immune from liability for future torts.  Id. at 8.  Plaintiff argues that defendants' position would require the Court to incorrectly interpret the Confirmation Order and Chapter 11 Plan as conferring perpetual operational immunity.  Id.  Plaintiff argues that, here, the complaint alleges injuries arising from conduct after the Chapter 11 Plan's effective date of September 17, 2024.  Id. at 10.

Additionally, plaintiff argues that the complaint plausibly alleges a successor liability claim against Bird Rides.  Id. at 12 (citing Compl. ¶ 22).  Plaintiff argues that California recognizes the "product line" exception, under which a successor that continues the predecessor's product line may be strictly liable for injuries caused by that product.  Id.  Plaintiff argues that the complaint alleges that Bird Rides acquired assets of "the Bird enterprise" and continued operating the same scooter fleet, brand, and platform, and these allegations support, at minimum, a plausible mere continuation or product line theory of liability.  Id. (citing Compl. ¶ 22).  Plaintiff requests fees and costs on the

---

[2] In the complaint, plaintiff had also alleged that Blue Jay has its principal place of business in West Hollywood, California.  Compl. ¶ 6.  However, in Blue Jay's notice of removal and answer to the complaint, Blue Jay avers that its principal place of business is in Toronto, Canada, not West Hollywood, California.  Dkt. 1 ¶ 31; dkt. 9 ¶ 6.  Plaintiff's motion to remand does not dispute this corrected fact.  See generally Remand Mot.
[3] The Court judicially notices the Chapter 11 Plan, In re Bird Global, Inc., No. 23-20514-CLC, Dkt. 802 (Bankr. S.D. Fla., June 3, 2024) for the same reasons as it judicially noticed the Confirmation Order.  See supra n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-00444-CAS-SKx | Date | March 23, 2026 |
|----------|------------------------|------|----------------|
| Title | Tiana Marquardt et al v. Blue Jay Transit, Inc. et al | | |

grounds that Blue Jay's removal of the case lacked an objectively reasonable basis. Id. at 13.

In opposition, Blue Jay argues that the complaint expressly acknowledges the bankruptcy proceedings and advances a liability theory against Bird Rides predicated on alleged pre-bankruptcy defective design, prior knowledge of systemic brake failures, and failure to remediate those conditions before the bankruptcy court's confirmation of the Chapter 11 Plan. Remand Opp. at 2. Blue Jay argues that plaintiff necessarily grounds her claims against Bird Rides in alleged pre-confirmation conduct because Bird Rides ceased all business operations on or around March 8, 2024, more than seven months before plaintiff's alleged injury on October 9, 2024, and well in advance of the Confirmation Order's effective date of September 23, 2024. Id. at 6 (citing dkt. 20-1 ("La Salle Decl.") ¶¶ 4-6). Blue Jay argues that because Bird Rides had no ongoing operations and was not deploying, maintaining, servicing, or managing scooters in any capacity by the time of the effective date of the Confirmation Order and well before plaintiff's alleged incident, there is no viable basis to attribute any post-Confirmation Order conduct to Bird Rides. Id. at 6-7. Blue Jay argues that any theory of liability against Bird Rides necessarily rests on alleged acts or omissions that predate the effective date of the Confirmation Order and are thus within the scope of the Confirmation Order. Id. at 7. Blue Jay argues that the complaint identifies no discrete post-confirmation act by Bird Rides, and plaintiff's theory of liability against Bird Rides cannot stand independent of alleged pre-effective date conduct because Bird Rides engaged in no conduct after the effective date. Id. at 7. Blue Jay concludes that there is no possibility that plaintiff can establish liability against Bird Rides in state court because plaintiff's recovery against Bird Rides is foreclosed as a matter of law. Id. at 8.

Blue Jay also argues that plaintiff cannot establish a plausible successor liability claim because Bird Rides is a bankrupt debtor-seller, not a successor entity. Id. at 9. Blue Jay argues that even if a successor liability theory was implicated, it would not alter the legal effect of the Confirmation Order because the Bankruptcy Court authorized and approved the sale of Bird Ride's assets "free and clear of all liens, claims, and encumbrances" pursuant to 11 U.S.C. § 363(f) such that no successor liability attaches to any purchaser of its assets. Id. at 10. Blue Jay argues that plaintiff's request for attorneys' fees is unfounded because Blue Jay has an objectively reasonable basis for removal. Id. at 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-00444-CAS-SKx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Tiana Marquardt et al v. Blue Jay Transit, Inc. et al | | |

In reply, plaintiff argues that the Confirmation Order's channeling injunction is limited by definition to claims arising from the Debtors' micro-mobility vehicles or the operation of the Debtors' businesses, which plaintiff argues do not apply to her claims against the post-Confirmation Order purchasing parties. Remand Reply at 5. Plaintiff argues that the Bird brand and the Bird Platform were among the acquired assets transferred to the purchaser at closing, and the use of a transferred brand does not convert the purchaser's operations into the debtors' businesses. Id. Plaintiff clarifies that paragraph 22 of the complaint "does not allege that Bird Rides engaged in pre-bankruptcy or pre-effective date tortious conduct" but rather alleges that "Defendants—the post-sale operating entities—continued to deploy scooters with known defects after purchasing the fleet out of bankruptcy." Id. at 2. Plaintiff argues that the pre-bankruptcy history in the complaint is cited as notice to the acquirers, not as independent tortious conduct by Bird Rides. Id. According to plaintiff, "[t]he tortious conduct alleged is *Defendants'* failure to repair, recall, or remove scooters with known defects *after purchasing the fleet from bankruptcy and continuing to operate it.*" Id. at 9. Plaintiff further argues that Blue Jay's assertion that Bird Rides ceased all business operations on or around March 8, 2024, is a contested factual averment and not an established fact. Id. at 10. Plaintiff argues that Bird Rides has submitted no declaration, no motion, and no paper of any kind corroborating Blue Jay's counsel's characterization of its lack of post-sale operations. Id. Plaintiff argues that the factual dispute of whether Bird Rides retained any legal obligations, licensing relationships, platform services, or other involvement after the March 8, 2024 sale closing cannot be resolved against plaintiff at the jurisdictional stage. Id. Plaintiff argues that remand is proper because Blue Jay's fraudulent joinder argument presents contested factual and legal questions that a court may not resolve at the jurisdictional stage. Id. at 11-12.

It appears to the Court that plaintiff considers Bird Rides to be a purchasing party, successor, or otherwise a "post-sale operating entit[y]" that "continued to deploy scooters with known defects after purchasing the fleet out of bankruptcy." Remand Reply at 2. If it is true that Bird Rides retained *any* involvement in the operations of Bird-branded scooters—including the subject scooter in the complaint—after the effective date of the Confirmation Order, then plaintiff would possibly be able to recover against Bird Rides in state court, and the Court would be required to remand the action. Whether such a claim would be channeled to the Tort Claims Trust by the Confirmation Order is a merits question going to a possible defense to liability for Bird Rides. A motion to remand does not call for "an inquiry as to whether [non-diverse] defendants could propound defenses

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|

| Case No. | 2:26-cv-00444-CAS-SKx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Tiana Marquardt et al v. Blue Jay Transit, Inc. et al | | |

to an otherwise valid cause of action." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).

On the other hand, Blue Jay asserts that Bird Rides "ceased all business operations" prior to the bankruptcy confirmation, and "was not deploying, maintaining, servicing, or managing scooters in any capacity" at the time of the alleged incident. Remand Opp. at 6. If that were true, then plaintiff, who alleges claims based *only* on defendants' post-confirmation conduct, see Remand Reply at 9, would not have any possibility of recovery in state court against Bird Rides. If the facts before the Court demonstrate that Bird Rides had "no real connection" with the post-confirmation conduct upon which plaintiff bases her claims, Blue Jay would satisfy its heavy burden to establish fraudulent joinder such that removal is not defeated. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 144 (1921) (The "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.") (citing Wecker v. Nat'l Enameling & Stamping Co., 204 U.S. 176, 185, 186 (1907)).

While any ambiguities must be resolved in favor of remand, the Court finds that the question of Bird Ride's post-effective date operations is unambiguously answered by the bankruptcy proceedings, which were referenced in the complaint and are judicially noticeable. See Compl. ¶ 22. As a threshold matter, Bird Rides, Inc. is expressly a "Debtor" in In re Bird Global, Inc., No. 23-20514-CLC (Bankr. S.D. Fla.). See Chapter 11 Plan at 6 ("Debtors means Bird Global, Inc., Bird Rides, Inc., Bird US Holdco, LLC, Bird US Opco, LLC, and Skinny Labs, Inc., including in their capacity as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code."). Bird Rides, Inc. is not a successor or purchaser of the Debtors' assets. See Confirmation Order at 40, 53.

Paragraph 11 of the Confirmation Order provides:

11. Dissolution of the Corporate Existence of the Debtors. Pursuant to and in accordance with Section 5.4 of the Plan, effective as of immediately prior to the Effective Date, automatically and without further action, each existing member of the Debtors' board of managers or directors of the Debtors, as applicable, will be deemed to have resigned or to have been terminated without cause and, on and after the Effective Date, the Liquidating Trustee, in substitution for the management and the board of managers, shall be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                          **'O'**

| Case No. | 2:26-cv-00444-CAS-SKx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Tiana Marquardt et al v. Blue Jay Transit, Inc. et al | | |

> authorized and empowered to act for the Debtors and take any and all actions the Liquidating Trustee may determine in his business judgment to implement, effectuate, consummate and perform pursuant to the Plan or this Confirmation Order as reasonably necessary to implement the Plan and wind up the Debtors.  Section 6.6(d) of the Plan provides that, on and after the Effective Date, the Liquidating Trustee shall take commercially reasonable actions to dissolve, liquidate, strike off or take such similar action with respect to each Debtor, including cancellation of all Interests in a Debtor pursuant to this Confirmation Order, and complete the winding down of such Debtor as expeditiously as practicable without the need for any further actions to be taken by or for the Debtor or its shareholders or members, or any payments to be made subject to the filing of a certificate of dissolution.

Confirmation Order at 44-45.  The Court finds that Blue Jay's averment that Bird Rides, Inc. "had no ongoing operations and was not deploying, maintaining, servicing, or managing scooters in any capacity" by the effective date of the Confirmation Order, Remand Opp. at 6, is consistent with the bankruptcy court's ordered wind up and dissolution of Bird Rides, Inc.

At the hearing, plaintiff argued that there remains a factual dispute as to the extent of Bird Rides, Inc.'s involvement in the operations of the Bird-branded scooter fleet and Bird Platform after the bankruptcy confirmation.  Plaintiff pointed to the "Statement of Information" filed by Bird Rides, Inc. with the California Secretary of State on June 25, 2024, dkt. 16-2, Ex. A, as evidence that Bird Rides, Inc. continues to exist in corporate form even after the sale of its assets in March 2024.  The Court has examined this exhibit, and the Court finds that it does not create a factual dispute as to whether Bird Rides, Inc. was involved in any of the alleged post-bankruptcy acts or omissions giving rise to plaintiff's claims.[4]

---

[4] As part of the bankruptcy proceedings, Bird Rides, Inc. filed ten Monthly Operating Reports with the bankruptcy court, covering the months between December 2023 and September 2024, inclusive.  See In re Bird Global, Inc., No. 23-20514-CLC (Bankr. S.D. Fla.), dkts. 267, 415, 545, 698, 738, 941, 1160, 1237, 1342, and 1382.  The first four of these reports, covering December 2023 through March 2024, show operating incomes and expenses.  The last six of these reports show zero operating income or expenses other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                                    'O'

| Case No. | 2:26-cv-00444-CAS-SKx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Tiana Marquardt et al v. Blue Jay Transit, Inc. et al | | |

The Court relies on plaintiff's characterization of the complaint as asserting claims based only on defendants' alleged *post*-confirmation conduct, not any of Bird Rides's *pre*-bankruptcy conduct. See Remand Reply at 12 ("The tortious conduct alleged is *Defendants'* failure to repair, recall, or remove scooters with known defects *after purchasing the fleet from bankruptcy and continuing to operate it.* . . . The complained-of conduct is what those acquirers did (and failed to do) after the acquisition: they continued deploying the same defective fleet without remediation. That is entirely *post-sale* conduct.") (emphasis in original). Given that Bird Rides did not participate in any alleged post-confirmation conduct, there is no possibility that plaintiff will be able to recover on its claims against Bird Rides. The Court concludes that Bird Rides is fraudulently joined. Because the remaining named defendants—Blue Jay and Third Lane—do not have California citizenship and the amount in controversy exceeds $75,000, removal based on diversity jurisdiction is proper. 28 U.S.C. § 1441. Accordingly, plaintiff's motion to remand is denied.

### B.    Blue Jay's Rule 12(b) Motion is Untimely

Blue Jay moves to dismiss the complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction[5] and pursuant to Rule 12(b)(3) for improper venue. Mot. at 3, 8.

In opposition, plaintiff argues that Blue Jay's Rule 12(b) motion to dismiss is untimely because it was filed after Blue Jay filed a responsive pleading. Opp. at 4. Plaintiff acknowledges that Blue Jay's answer preserved venue and personal jurisdiction defenses against waiver under Rule 12(h)(1), but plaintiff argues that a post-answer Rule

---

than general administrative expenses, and each report includes the following note: "Following the closing of the court approved sale of substantially all the assets of the debtor entities on March 22, 2024, the debtor estate is left with one remaining employee, its Chief Restructuring Officer. This individual sits in the entity Bird Rides Inc.". The Court finds these judicially noticed documents further support Blue Jay's assertion that Bird Rides "ceased all business operations on or around March 8, 2024." Remand Opp. at 6.

[5] Blue Jay makes the same arguments for lack of personal jurisdiction as to defendant Third Lane, citing dkt. 17-4 ("Lyons Decl."). Mot. at 6. However, Third Lane has yet to be served or appear in this action. Blue Jay may only assert defenses as to itself. See Fed. R. Civ. P. 12(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:26-cv-00444-CAS-SKx | Date | March 23, 2026 |
|----------|----------------------|------|----------------|
| Title | Tiana Marquardt et al v. Blue Jay Transit, Inc. et al | | |

12(b) motion is procedurally improper and should be denied without prejudice to Blue Jay raising preserved defenses through the proper vehicle of either a Rule 12(c) motion for judgment on the pleadings or a Rule 56 summary judgment motion. Id. at 5. Plaintiff argues that a Rule 12(c) motion is not available at this time because it requires all parties to have appeared and the pleadings to be closed. Id. And plaintiff argues that a Rule 56 motion is unavailable to Blue Jay at this time because it requires the completion of discovery. Id. Plaintiff argues that denying Blue Jay's Rule 12(b) motion on untimeliness grounds is the most equitable outcome because this is a personal injury case in which the Tennessee statute of limitations has already run. Id. Plaintiff argues that dismissal would permanently extinguish a tort victim's claims as a result of defendant's procedural maneuvering. Id. at 5-6.

In reply, Blue Jay argues that the Court may consider the merits of its motion to dismiss by treating it as a motion for judgment on the pleadings. Reply at 1. Blue Jay argues that, even though Third Lane has yet to answer the complaint or appear in this action, the pleadings should be "closed" as to Third Lane for failure to prosecute. Id. at 2. Plaintiff filed her complaint on October 8, 2025, and has yet to serve Third Lane. Id. Blue Jay argues that Rule 41(b) permits courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute. Id. at 3. Blue Jay argues that Third Lane should be dismissed without prejudice for lack of prosecution because the continued absence of a non-served and non-appearing defendant should not be allowed to operate as a procedural barrier to resolving the legal issues presented in its motion. Id.

Rule 12(b) states that a motion asserting any of the seven enumerated defenses to a claim for relief "must be made *before* pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b) (emphasis added); see also Aetna Life Ins. Co. v. Alla Med. Servs., Inc., 855 F.2d 1470, 1474 (9th Cir. 1988) ("This circuit allows a motion under Rule 12(b) any time before the responsive pleading is filed."). Here, Blue Jay filed the instant Rule 12(b) motion on February 17, 2026, twenty-six days after Blue Jay filed its answer to the complaint, dkt. 9. Accordingly, Blue Jay's Rule 12(b) motion is untimely. Nevertheless, Blue Jay's lack of personal jurisdiction and improper venue defenses were raised in its answer and are thus preserved from waiver by Rule 12(h)(B)(ii). See dkt. 9 at 14 (raising each as an affirmative defense).

The Court declines to treat Blue Jay's instant motion as a motion for judgment on the pleadings pursuant to Rule 12(c). A Rule 12(c) motion is permitted "[a]fter the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-00444-CAS-SKx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Tiana Marquardt et al v. Blue Jay Transit, Inc. et al | | |

pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c).  Blue Jay acknowledges that the pleadings in this action are not closed because Third Lane has yet to answer the complaint or appear in this case.  Reply at 2.  On January 23, 2026, the Court ordered plaintiff to show cause in writing why this action should not be dismissed for lack of prosecution as to Third Lane.  Dkt. 11.  On February 13, 2026, plaintiff responded to the order to show cause.  Dkt. 15.  Plaintiff's counsel explained that during a February 10, 2026 conference with Blue Jay's counsel, Blue Jay's counsel advised that while he did not represent Third Lane, plaintiff could send a waiver of service form to him via email and he would provide it to Third Lane and request that it execute the waiver.  Id. at 4.  Plaintiff also argued that Rule 4(m)'s 90-day service deadline does not apply to service on Third Lane because Rule 4(f) applies to service on Third Lane as a foreign corporation headquartered in Ontario, Canada.  Id.  Plaintiff argued that less drastic alternatives to dismissal, such as setting a service deadline, are available to the Court.  Id. at 5.  Plaintiff requested 120 days to effectuate service pursuant to Rule 4(f), or alternatively, a 60-day status report deadline.  Id. at 7.  While Rule 4(m)'s deadline for service does not apply, plaintiff must nonetheless effectuate service on Third Lane without unreasonable delay.  Plaintiff's delay in serving Third Lane now prevents the Court "from effectively managing the case," by preventing the Court from deciding Blue Jay's motion to dismiss for lack of personal jurisdiction or improper venue on the merits. Collins v. Laborers Int'l Union of N. Am. - Loc. 872, No. 24-3937, 2025 WL 1895310, at *1 (9th Cir. July 9, 2025).  But given plaintiff's stated efforts to obtain waiver of service from Third Lane, the Court finds that an alternative to dismissal for failure to serve Third Lane is appropriate at this time.  Accordingly, the Court orders plaintiff to file a status report in 30 days as to its diligence and efforts in effectuating service on Third Lane.  The Court denies Blue Jay's Rule 12(b) motion to dismiss as untimely and declines to treat it as a Rule 12(c) motion for judgment on the pleadings.

### C.    Venue Transfer

Blue Jay alternatively moves to dismiss the complaint based on the doctrine of *forum non conveniens*.  Mot. at 11.

Plaintiff argues that Blue Jay's *forum non conveniens* argument fails as a matter of law because the doctrine does not apply when the proposed alternative forum is another United States federal district court.  Opp. at 8.  Plaintiff argues that 28 U.S.C. § 1404(a)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:26-cv-00444-CAS-SKx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Tiana Marquardt et al v. Blue Jay Transit, Inc. et al | | |

is the exclusive mechanism for interstate transfers among federal district courts, so Blue Jay's *forum non conveniens* motion must be denied as a matter of law.  Id.

Blue Jay argues that its motion to dismiss for improper venue does not rely solely on the common-law doctrine of *forum non conveniens* but expressly requests dismissal or, alternatively, transfer pursuant to 28 U.S.C. §§ 1406(a) and 1404(a).  Reply at 4.  Blue Jay argues that the Court retains clear statutory authority to dismiss or transfer this action to the Western District of Tennessee pursuant to §§ 1406(a) and 1404(a).  Id.

The Court finds that Blue Jay's motion to dismiss based on *forum non conveniens* must be denied because the doctrine of *forum non conveniens* is inapplicable where, as here, the alternative forum is another federal district court.  See Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955) ("The harshest result of the application of the old doctrine of forum non conveniens, dismissal of the action, was eliminated by the provision in [Section] 1404(a) for transfer.").  To the extent that Blue Jay seeks dismissal, or alternatively transfer, for improper venue pursuant to 28 U.S.C. 1406(a), the Court has deemed Blue Jay's Rule 12(b)(3) motion untimely.[6]  Moreover, the Court has yet to decide whether plaintiff has established personal jurisdiction over Blue Jay or Third Lane.  "The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum."  Leroy v. Great Western United Corp., 443 U.S. 173, 180 (1979).  Accordingly, the Court denies plaintiff's request to dismiss, or alternatively transfer, this action pursuant to 28 U.S.C. 1406(a) as untimely and premature.

To the extent that Blue Jay seeks a transfer of venue pursuant to 28 U.S.C. § 1404(a) for the convenience of parties and interest of justice, Section 1404(a) "applies only if the original federal forum is a proper venue."  14D Wright & Miller, Fed. Prac. & Proc. Juris. § 3826 (4th ed. 2025).  Assuming arguendo that Blue Jay and/or Third Lane "is subject to the Court's personal jurisdiction with respect to [this] action," venue in the Central District of California would be proper.  28 U.S.C. § 1391(b)(3).  Then, the Court may transfer this action to another federal district court pursuant to Section 1404(a) if such a transfer is "[f]or the convenience of parties and witnesses," and "in the interest of

---

[6] However, the Court notes that the defense was not waived and may be raised in a timely Rule 12(c) motion after the pleadings are closed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:26-cv-00444-CAS-SKx | Date | March 23, 2026 |
|----------|------------------------|------|----------------|
| Title | Tiana Marquardt et al v. Blue Jay Transit, Inc. et al | | |

justice." 28 U.S.C. 1404(a). At this time, Blue Jay has not properly moved for a transfer of venue pursuant to Section 1404(a) and the parties have not briefed the relevant factors for consideration of a transfer pursuant to Section 1404(a). Accordingly, the Court declines to transfer plaintiff's action at this time, without prejudice to Blue Jay or Third Lane filing a motion to transfer venue pursuant to Section 1404(a) and only after issues of personal jurisdiction are resolved.

**V.      CONCLUSION**

In accordance with the foregoing, the Court **DENIES** plaintiff's motion to remand. The Court **DENIES** defendant's motion to dismiss, without prejudice to a timely motion for judgment on the pleadings. The Court **ORDERS** plaintiff to file a status report on or before April 22, 2026, as to its diligence and efforts in effectuating service on Third Lane.

IT IS SO ORDERED.

| | 00 | : | 25 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |